IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01754-WJM-NYW

JORGE A. LOPEZ,

      Plaintiff,

v.

JEFF SHRADER, in his official capacity,
BOLL, in his individual capacity,
HENSLEY, in his individual capacity, and
HALL, in his individual capacity,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendants Jefferson County Sheriff Jeff Shrader, Jefferson County Sheriff's Deputy Boll, Jefferson County Sheriff's Deputy Hensley, and Jefferson County Sheriff's Deputy Hall (collectively "Defendants") Motion to Exclude or Limit Opinions of Plaintiffs' Affirmative Experts ("Motion to Exclude" or "Motion") [Doc. 115, filed October 7, 2021]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case [Doc. 33, dated November 8, 2019], and the Memorandum dated November 9, 2021 [Doc. 117]. Because the Motion to Strike relates to the admissibility of certain testimony by a witness at trial, this court proceeds by Recommendation, as such issues are generally reserved to the presiding judge. Upon consideration of the Motion, the applicable case law, and the entire docket, this court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**BACKGROUND**

Plaintiff Jorge A. Lopez ("Mr. Lopez" or "Plaintiff") initiated this action by filing his *pro se* Prisoner Complaint on June 17, 2019, claiming that the Defendants acted negligently and violated Plaintiff's constitutional rights by allegedly failing to adequately staff the Jefferson County Jail to prevent inmate on inmate violence. *See generally* [Doc. 1; Doc. 17]. In his operative Complaint, Mr. Lopez claims he suffered severe bodily injury after he was physically assaulted by an inmate while Mr. Lopez was a detainee at the Jefferson County Jail. *See generally* [Doc. 17]. Mr. Lopez seeks punitive and compensatory damages as well as injunctive relief. *See* [*id*. at 28–29].

Mr. Lopez filed his First Amended Complaint on July 8, 2019. [Doc. 7]. Magistrate Judge Gallagher issued an Order directing Plaintiff to file a second amended complaint on July 10, 2019. [Doc. 9]. Mr. Lopez filed his Second Amended Complaint on July 31, 2019, *see* [Doc. 12], and on August 20, 2019, Magistrate Judge Gallagher issued an Order directing Plaintiff to file another amended complaint, *see* [Doc. 13]. Plaintiff filed his Third Amended Complaint on September 23, 2019. [Doc. 17]. This case was reassigned to the undersigned on September 25, 2019, *see* [Doc. 18; Doc. 19], and a Magistrate Judge consent form was issued pursuant to D.C.COLO.LCivR 40.1, [Doc. 20]. Upon the Parties' non-consent to the jurisdiction of a Magistrate Judge, this case was reassigned to the Honorable William J. Martinez, [Doc. 32], who subsequently referred the matter to the undersigned to conduct all motion proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72, [Doc. 33].

On December 5, 2019, Defendants filed a Motion to Dismiss, seeking to dismiss all of Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 45]. On August 28, 2020, Judge Martinez adopted this court's Recommendation, [Doc. 54], to

grant in part and deny in part the Motion to Dismiss, leaving the following remaining claims: (1) an official capacity claim against Defendant Shrader for "failing to properly maintain proper staffing levels, policies, and procedures at the Jefferson County Jail to prevent inmate on inmate violence and maintain minimal safety and security of Mr. Lopez during his incarceration," [Doc. 57 at 14, 17–18]; and (2) individual capacity deliberate indifference claims against Boll, Hensley and Hall, [*id.* at 18].

A Telephonic Status Conference was later held in this matter on December 8, 2020, during which the Parties discussed a schedule and discovery limits for this case, including that the deadline to disclose affirmative experts was May 7, 2021, discovery deadline was July 9, 2021, and the dispositive motion deadline was August 9, 2021.  *See* [Doc. 76].  On April 26, 2021, Defendants filed a Motion to Amend Discovery Deadlines, [Doc. 89], which the court subsequently granted, [Doc. 91], which resulted in the extension of the deadline to designate affirmative experts to August 9, 2021, the discovery deadline to October 11, 2021, and the dispositive motion deadline to November 9, 2021, [*id.*].  Between June 4 and July 9, 2021, Mr. Lopez served written discovery on Defendants and responded to Defendants' written discovery. *See* [Doc. 109; Doc. 110; Doc. 111; Doc. 113].

On August 9, 2021, Plaintiff disclosed his affirmative experts to Defendants, [Doc. 114 ("Disclosure")], wherein he lists various documents and medical records he claims support his case, and identifies five individuals whom Plaintiff purports to disclose as affirmative experts: Morgan Auger ("Mr. Auger"), Rebecca Walters ("Ms. Walters"), Kyle Tetrault, O.D. ("Dr. Tetrault"), Sreenivasa Basavanthappa, M.D. ("Dr. Basavanthappa"), and Eric Blom, M.D. ("Dr. Blom" and, collectively, "Experts"), [*id.* at 2]; *see also* [Doc. 115 at 2 n.1; Doc. 126 at 1–2].  In

3

the Disclosure, Plaintiff does not state what testimony the proposed Experts are expected to provide.  *See* [Doc. 114].

On October 7, 2021, Defendants filed the instant Motion, seeking to exclude or limit the opinions of Plaintiff's proposed Experts under Federal Rules of Civil Procedure 26(a)(2)(C) and 37(c)(1), as well as Federal Rule of Evidence 702.  [Doc. 115 at 2].  On December 1, the court ordered Plaintiff to respond to the Motion to Exclude by January 3, 2022.  [Doc. 118].  Mr. Lopez filed his response to the Motion to Exclude on December 13, 2021, [Doc. 126], and Defendants filed their Reply on December 27, 2021, [Doc. 130].  Accordingly, the Motion to Exclude is ripe for determination.

## ANALYSIS

I. **Legal Standards**

   A. **Rule 26(a)(2) of the Federal Rules of Civil Procedure**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Fed. R. Civ. P. 26(a)(2)(A).  Pursuant to Rule 26(a)(2)(C), expert witnesses not required to provide a written report by Rule 26(a)(2)(A) must, absent contrary stipulation or court order, provide a disclosure stating the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i–ii); *see also Nicastle v. Adams Cty. Sheriff's Off.*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011) (stating the requirements under Rule 26(a)(2)(C) "differ[] substantially from the more detailed expatiation required of a report provided by a retained expert").  This court has traditionally employed a burden-shifting analysis for determining whether the requirements of Rule 26(a)(2) have been satisfied.  *Morris v. Wells Fargo*

4

*Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 250108, at *1 (D. Colo. 2010). The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to comply with Rule 26(a)(2) properly. *Id.* Then the burden shifts to the disclosing party to demonstrate sufficiency. *Id.*

### B. Rule 702 of the Federal Rules of Evidence

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the Rule makes clear, while required, it is not sufficient that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Instead, the Court must "perform[] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). After determining whether the expert is qualified, the court must assess whether the specific proffered opinions are reliable. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based on sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods to the facts of the case").

## II. Defendants' Motion to Exclude

As mentioned above, Plaintiff's Expert Disclosure identifies the following proposed Experts: Mr. Auger, Ms. Walters, Dr. Tetrault, Dr. Basavanthappa, and Dr. Blom. *See* [Doc. 114 at 2]; *see also* [Doc. 115 at 2 n.1; Doc. 126 at 1–2].

5

A.      **Sufficiency of Disclosure under Rule 26(a)(2)(C)**[1]

In the Motion to Exclude, Defendants seek to exclude or limit the opinions of Plaintiff's proposed Experts on the basis that there is no description of the subject matter on which the proposed Experts will present evidence "nor a summary of the facts and opinions to which they may testify" as required Federal Rule of Civil Procedure 26(a)(2)(C).  *see* [Doc. 115 at 4].

In his Response, Plaintiff objects to Defendants' request to exclude the opinions of the proposed Experts on the following bases: (1) Mr. Auger was Plaintiff's therapist to whom Plaintiff "disclosed the assault … and the mistreatment of [his] medical needs by the jail in detail"; (2) Ms. Walters was "the first nurse/provider in DOC custody" to whom Plaintiff "explained [his] ongoing issues with [his] eye and how [he] received the injury"; (3) Dr. Tetrault "was the first optometrist outside the Jefferson County Jail" to whom Plaintiff "explained the assault [he] was in and how [his] injury came about"; (4) Dr. Blom was Plaintiff's "outside D.O.C. eye doctor" to whom Plaintiff "explained the assault and the condition of [his] eye, and how and where it was caused from"; and (5) Dr. Basavanthappa was "the specialist to run all test [sic] to see if [Plaintiff's] eye injury could be helped," and with whom Plaintiff also discussed the source of his injury.  [Doc. 126 at 1–2 (capitalizations omitted)].

Reading Mr. Lopez's Response liberally as it must, *see Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996), Mr. Lopez appears to argue that the proposed Experts have knowledge or information about the incident or related events underlying his claims as well as his medical

---

[1] While Plaintiff's Disclosure does not specify whether he intended to disclose the Experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C), the court finds Defendants' analysis under Rule 26(a)(2)(C) appropriate here given that the identified individuals did not provide any written reports on Plaintiff's behalf; do not appear to have been retained or specially employed to provide expert testimony in this case; and have not been ordered by the court to provide expert reports.  *See* Fed. R. Civ. P. 26(a)(2)(B), (C).

condition and/or treatment. *See generally* [Doc. 126]. Though these individuals may be able to provide some relevant testimony in this action, relevancy alone does not eliminate Plaintiff's duty to comply with Federal Rule of Civil Procedure 26. *Cf. Green Earth Wellness Ctr. LLC v. Atain Specialty Ins. Co.*, No. 13-cv-03452-MSK-NYW, 2016 WL 632051, at *3 (D. Colo. Feb. 17, 2016) (finding the plaintiff's supplemental expert disclosures insufficient under Rule 26(a)(2)(C) for failure to identify the facts upon which the non-retained experts were expected to rely, and noting the Rule was not intended to allow witness testimony to include expert testimony "so long as it has been disclosed somewhere in discovery"). And "the fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court." *Rucinski v. Torian Plum Condo. Owners Ass'n, Inc.*, No. 08-cv-02798-WJM-MJW, 2011 WL 1235517, at *2 (D. Colo. Apr. 1, 2011) (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Having reviewed Plaintiff's Disclosure, this court concludes that the Disclosure is deficient because it fails to adequately articulate the subject matter on which the witnesses are expected to present evidence or provide a summary of the facts to which any of the proposed Experts will testify. *See* [Doc. 114]; *cf. Nicastle*, 2011 WL 1674954, at *1 (concluding the defendant's disclosure included an "adequate summary of the opinions to which the defendant's non-retained experts will testify" where "the disclosure state[d] that certain witnesses will testify to their 'experience as a Sheriff,' and their 'experience in making personnel decisions for his department'").

      **B.**      **Appropriateness of Exclusion as a Sanction Under Rule 37(c)**

Because the court finds that Plaintiff's Disclosure does not comply with the requirements of Rule 26(a)(2)(C), the court must determine whether to exclude the testimony of the proposed

7

Experts under Fed. R. Civ. P. 37(c). Pursuant to that rule, a party who fails to disclose an expert witness as required under Rule 26(a)(2) may not "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party who fails to disclose has the burden of showing that its failure to comply with Rule 26(a)(2) was substantially justified or harmless. *Skarda v. Johnson & Johnson*, 2014 WL 12792345, at *1 (D.N.M. June 30, 2014) (citing *Wilson v. Bradlees of New England Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)). Although "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court," *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999), four factors should guide a court's analysis: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* This court finds that Mr. Lopez has not met his burden of showing that his failure to comply with Rule 26(a)(2) was justified or harmless.

As an initial matter, the court notes that Plaintiff does not make any argument as to the *Woodworker's* factors. *See* [Doc. 126]. Conversely, Defendants argue that the *Woodworker's* factors favor exclusion. *See* [Doc. 115 at 4–5]. As to the **first** *Woodworker's* factor, Defendants note that they also have disclosed Drs. Blom, Basavanthappa, and Tetrault as non-retained experts, but have not similarly disclosed Mr. Auger or Ms. Walters as expert witnesses. [*Id.* at 4]. Accordingly, Defendants argue they would be "prejudiced by any opinions from Mr. Auger or Ms. Walters and would be prejudiced by any opinions from Drs. Tetrault, Basavanthappa, and Blom outside of those set forth in Defendants' expert disclosures, which is limited to testimony regarding their provision of medical treatment for Lopez following the May 14, 2019 incident." [*Id.* at 5].

8

Defendants also argue they will be prejudiced because, absent any information about the opinions of Plaintiff's proposed Experts, Defendants "cannot determine whether to retain any rebuttal witnesses and the topics necessary for such rebuttal." [*Id.*]. Defendants also point out that the deadline for such disclosure has already passed. [*Id.*]; *see also* [Doc. 91]. As to the **second** and **third** *Woodworker's* factors, Defendants contend that "the final pre-trial conference [was] scheduled for December 16, 2021,"[2] and therefore it was "necessary to have resolution about affirmative and rebuttal expert witnesses in advance of the pre-trial conference." [*Id.* at 5]. Finally, with respect to the **fourth** *Woodworker's* factor, Defendants argue they are "not aware of any justification for Lopez's failure to comply with these requirements other than his *pro se* status, which does not eliminate his obligation to comply with the Federal Rules of Civil Procedure," and that "lack of bad faith alone is not enough to overcome the other *Woodworker's* factors." [*Id.*].

This court concludes that Mr. Lopez has not met his burden of showing that his failure to comply with Rule 26(a)(2) was justified or harmless. Indeed, Mr. Lopez does not respond to Defendants' arguments addressing the *Woodworker's* factors. *See* [Doc. 126]. And while the court is mindful that Mr. Lopez proceeds pro se and is entitled to a liberal construction of his papers, the court cannot and does not act as an advocate for Mr. Lopez, and likewise will not construct arguments for him in the absence of any discussion of those issues. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Moreover, discovery in this action ended on October 11, 2021, and dispositive motions were due November 9, 2021. *See* [Doc. 91]. Defendants filed the instant Motion on October 7, 2021—four days before the close of discovery—and Plaintiff responded

---

[2] On December 9, 2021, Defendants filed an Unopposed Motion to Continue Pretrial Conference ("Motion to Continue"). [Doc. 122]. The court granted the Motion to Continue and reset the final pre-trial conference to February 7, 2022. *See* [Doc. 124],

9

more than two months later without a sufficiently precise explanation of what the proposed Experts will testify about.³  *See* Fed. R. Civ. P. 26(a)(2)(C).  Accordingly, the court finds that Plaintiff has failed to meet his burden of demonstrating his Rule 26(a) violations were either justified or harmless.  *See Contour PAK, Inc. v. Expedice, Inc.*, No. 08-cv-01091-PAB-KMT, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) (citing Rule 37(c)(1) and noting that the burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures); *Auraria Student Hous. at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2015 WL 72360, at *4 (D. Colo. Jan. 5, 2015) (implicitly recognizing that the burden under the *Woodworker's* Supply factors rests with the party who failed to make timely disclosures).

As a result, the court respectfully **RECOMMENDS** that the Motion to Exclude be **GRANTED** to the extent Plaintiff intends to rely on any expert opinions from Mr. Auger or Ms. Walters altogether. With respect to the opinions from Drs. Tetrault, Basavanthappa, and Blom outside of those set forth in Defendants' expert disclosures, *see* [Doc. 115 at 5 (Defendants stating they "would be prejudiced by any opinions from Drs. Tetrault, Basavanthappa, and Blom outside of those set forth in Defendants' expert disclosures, which is limited to testimony regarding their provision of medical treatment for Lopez following the May 14, 2019 incident.")], this court recognizes that in his Affirmative Expert Disclosures, Mr. Lopez states that he is offering these individuals to "further establish factual Basis [sic] for [his] claims" and identifies particular health care records from Denver Eye Surgeons (Dr. Tetrault) and Rocky Mountain Eye Center (Dr. Basavanthappa and Dr. Blom).  [Doc. 114 at 1–2].   While a party cannot satisfy the requirement

---

³ Defendants also filed a motion for summary judgment that is currently pending before the court. *See* [Doc. 116, filed November 9, 2021].

10

to produce a summary of facts and opinions by merely pointing at large bodies of information, *see Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, No. 14-cv-00638-CMA-NYW, 2016 WL 192269, at *6 (D. Colo. Jan. 15, 2016), *aff'd sub nom.*, 2016 WL 9734946 (D. Colo. Aug. 19, 2016), this court notes that Dr. Tetrault, Dr. Basavanthappa, and Dr. Blom are percipient fact witnesses to Mr. Lopez's claimed injuries and treatment and all three have been designated as expert witnesses by Defendants. *See* [Doc. 115 at 4]. As percipient witnesses, Drs. Tetrault, Basavanthappa, and Blom may be permitted, subject to admissibility determinations reserved to the presiding judge, to testify about what they saw or did. *See Avalon Condo. Ass'n, Inc. v. Secura Ins.*, No. 14-cv-00200-CMA-KMT, 2015 WL 13613522, at *1 (D. Colo. Oct. 26, 2015). Thus, as to Dr. Tetrault, Dr. Basavanthappa, and Dr. Blom, this court respectfully **RECOMMENDS** that any opinions that are outside the opinions offered by Defendants be **EXCLUDED,** but such medical providers be permitted to testify regarding their respective percipient knowledge, subject to admissibility determinations by Judge Martinez.[4]

## CONCLUSION

For the reasons set forth above, it is respectfully **RECOMMENDED** that:

(1)  Defendants' Motion to Exclude [Doc. 115] be **GRANTED**, subject to the definitions contained herein; and

(2)  A copy of this Order shall be sent to:

> Jorge A. Lopez
> #173387
> Fremont Correctional Facility (FCF)
> P.O. Box 999

---

[4] Defendants also argue that the court should exclude opinions from Plaintiff's proposed Experts under Federal Rule of Evidence 702. *See* [Doc. 115 at 5–6]. However, given the court's conclusion that Plaintiff's proposed Experts are precluded from offering testimony as explained above, the court need not address Defendants' Rule 702 arguments.

Canon City, CO 81215-0999[5]

DATED: February 4, 2022                                     BY THE COURT:

                                                            _____
                                                            Nina Y. Wang
                                                            United States Magistrate Judge

---

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).