IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1754-WJM-NYW

JORGE A. LOPEZ,

    Plaintiff,

v.

JEFF SHRADER, in his official capacity,
BOLL, in his individual capacity,
HENSLEY, in his individual capacity, and
HALL, in his individual capacity,

    Defendants.

_____

**ORDER ADOPTING FEBRUARY 4, 2022 AND FEBRUARY 17, 2022 RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on the February 4, 2022 Recommendation of United States Magistrate Judge Nina Y. Wang ("Recommendation 1") (ECF No. 141) that the Court grant the Motion to Exclude or Limit Opinions of Plaintiff Jorge A. Lopez's Affirmative Experts ("Motion to Exclude") (ECF No. 115), filed by Defendants Jefferson County Sheriff Jeff Shrader, in his official capacity, and Jefferson County Sheriff's Deputies Boll, Hensley, and Hall, in their individual capacities (collectively, "Defendants").  Recommendation 1 is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Also before the Court is the February 17, 2022 Recommendation of Judge Wang ("Recommendation 2") (ECF No. 152) that the Court grant Defendants' Motion for Summary Judgment ("Motion for Summary Judgment") (ECF No. 116).

1

Recommendation 2 is also incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

On March 3, 2022, Plaintiff filed a Response to the Recommendation of United States Magistrate Judge Regarding Defendant's [*sic*] Request for Summary Judgment on February 17, 2022, which the Court construes as an objection to Recommendation 2 (the "Objection"). (ECF No. 154.) Defendants filed a response to Plaintiff's Objection on March 17, 2022. (ECF No. 157.)

For the reasons explained below, the Court overrules Plaintiff's Objection, adopts Recommendation 1 and 2 in their entirety, and grants the Motion to Exclude and Motion for Summary Judgment.

## I. BACKGROUND[1]

On May 14, 2019, Plaintiff was an inmate in Module 5A, which was the Behavioral Health Unit ("BHU") of the Jefferson County Detention Facility (the "JCDF"). (ECF No. 116 at 2; ECF No. 17 at 6; ECF No. 116-3 at 34:5–16; ECF No. 116-4 at ¶¶ 5–6.) During meal service that day, Robert Lopez ("Robert"), another inmate, physically assaulted Plaintiff with his meal tray. (ECF No. 116 at 2; ECF No. 17 at 6; ECF No. 116-5 at ¶ 3.)

Deputy Boll was working in the BHU at the time of this incident. (ECF No. 116 at 2; ECF No. 116-3 at 39:7–9; ECF No. 116-5 at ¶ 3.) Deputy Boll witnessed Robert throw the contents of his meal tray at Plaintiff and swing his tray at Plaintiff twice, hitting Plaintiff in the arm. (ECF No. 116 at 3; ECF No. 116-5 at ¶ 3.) The interaction between

---

[1] As Judge Wang noted in Recommendation 2, Plaintiff does not point to any evidence to rebut the Statement of Material Facts set forth in Defendants' Motion for Summary Judgment. (*See* ECF No. 128.) Accordingly, the Court deems the properly supported facts offered by Defendants as true. *See* Fed. R. Civ. P. 56(e)(2).

Plaintiff and Robert lasted a matter of seconds. (ECF No. 116 at 3; ECF No. 116-3 at 39:10–17.)  Deputy Boll did not observe any visible injuries on Plaintiff, and Plaintiff did not notify Deputy Boll that he was injured or ask Deputy Boll for medical attention.  (ECF No. 116 at 3; ECF No. 116-3 at 41:24–42:18; ECF No. 116-5 at ¶ 5.)  Two other deputies responded to the module to assist following the incident while Deputy Boll returned to finish distributing meals to the remainder of the module.  (ECF No. 116 at 3; ECF No. 116-3 at 40:9–19, 43:2–22; ECF No. 116-5 at ¶¶ 6–7.)

The same day, Deputy Hall responded to a "fight in progress call" in Module 5A. (ECF No. 116 at 3; ECF No. 116-2 at ¶ 3; ECF No. 116-3 at 43:2–8.)  However, he did not have any direct interaction with Plaintiff, did not observe any visible injuries on Plaintiff, and Plaintiff did not notify Deputy Hall that he was injured or ask Deputy Hall for medical attention.  (ECF No. 116 at 3; ECF No. 116-2 at ¶ 5; ECF No. 116-3 at 44:10–45:8.)

That day, Deputy Hensley responded to Module 5A and escorted Plaintiff to a module on level 7.  (ECF No. 116 at 3; ECF No. 116-1 at ¶ 3.)  Deputy Hensley left the level 7 module and returned sometime thereafter with a sack lunch for Plaintiff—who had informed Deputy Hensley that he was unable to eat dinner because he was involved in a fight during dinner distribution.  (ECF No. 116 at 3; ECF No. 116-1 at ¶¶ 4–5.)  At no time did Deputy Hensley observe any visible injuries on Plaintiff, and Plaintiff did not notify Deputy Hensley that he was injured or ask Deputy Hensley for medical attention.  (ECF No. 116 at 3; ECF No. 116-1 at ¶ 6.)  On May 14, 2019, Deputies Hall and Hensley worked solely as deputies and did not have any supervisory responsibility,

training responsibility, or control over any other deputies. (ECF No. 116 at 4; ECF No. 116-1 at ¶ 8; ECF No. 116-2 at ¶ 6.)

On May 22, 2019, a nurse in the JCDF performed a vision examination on Plaintiff and referred him to the doctor at the JCDF, whom Plaintiff visited the next day. (ECF No. 116 at 4; ECF No. 116-3 at 87:4–88:15.) On or about May 24, 2019, Plaintiff visited an outside medical provider at Denver Eye Surgeons, which was scheduled for Plaintiff by the JCDF doctor. (ECF No. 116 at 4; ECF No. 116-3 at 95:6–96:18.)

Moreover, the JCDF's grievance system is the established system through which inmates can secure administrative remedies for their concerns. (ECF No. 116 at 4; ECF No. 116-4 at ¶ 8.) The JCDF Inmate Handbook details the grievance system and requires inmates who wish to file a grievance to do so within five calendar days of the incident being grieved. (ECF No. 116 at 4; ECF No. 116-4 at ¶ 8; ECF No. 116-6 at 3.) The electronic inmate "kite" and grievance system ("Inmate Request System") is available to all inmates via kiosks during dayroom time. (ECF No. 116 at 4; ECF No. 116-4 at ¶¶ 3–4; ECF No. 116-6 at 2.) If an inmate is unable to use a kiosk, he may also ask for a paper request form. (ECF No. 116-4 at ¶ 4.)

During his incarceration at the JCDF, Plaintiff filed twenty-eight kites and no grievances. (ECF No. 116-4 at ¶ 9.) Plaintiff submitted three medical kites following the May 14, 2019 incident—on May 21, May 28, and June 7, 2019—but he did not submit any grievances regarding the May 14, 2019 incident. (*Id.* at ¶ 10.) However, on May 18, 2019, Plaintiff submitted a kite to the chaplain at JCDF asking "to continue [his] spiritual journey and get babtized [*sic*] in the holy spirit" in the presence of two witnesses. (ECF No. 116 at 4; ECF No. 116-7 at 1 (capitalizations omitted).)

4

Plaintiff, proceeding *pro se*, initiated this action on June 17, 2019, and he filed the Third Amended Complaint (the operative pleading this case) on September 23, 2019. (ECF Nos. 1, 17.) Following the Court's rulings on Defendants' motion to dismiss, the following claims remain: (1) an official capacity claim against Defendant Schrader for failing to properly maintain proper staffing levels, policies, and procedures at the Jefferson County Jail to prevent inmate and inmate violence and maintain minimal safety and security of Plaintiff during his incarceration; and (2) individual capacity deliberate indifference claims against Defendants Boll, Hensley, and Hall. (ECF No. 57.)

In his August 9, 2021 Affirmative Expert [D]isclosures, Plaintiff purports to disclose the following individuals as affirmative experts: Morgan Auger, Rebecca Walters, Kyle Tetrault, O.D., Sreenivasa Basavanthappa, M.D., and Eric Blom, M.D. (ECF No. 114.)

On October 7, 2021, Defendants filed their Motion to Exclude, in which Defendants seek to exclude or limit the opinions of Plaintiff's proposed affirmative experts under Federal Rules of Civil Procedure 26(a)(2)(C) and 37(c)(1), as well as Federal Rule of Evidence 702. (ECF No. 115.) Plaintiff responded to the Motion on December 13, 2021 (ECF No. 126), and Defendants replied on December 27, 2021 (ECF No. 130).

On November 9, 2021, Defendants filed their Motion for Summary Judgment. (ECF No. 116.) Plaintiff responded on December 20, 2021 (ECF No. 128), Defendants replied on January 3, 2022 (ECF No. 136), and Plaintiff filed a document entitled Plaintiff's Reply in support of Response to Defendant's Motion for Summary Judgment on January 14, 2022 (ECF No. 139).

## II. LEGAL STANDARDS

### A.   Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

### B.   Summary Judgment

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute

as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

**C.     Expert Opinions**

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005). Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id.* The proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

### III. RECOMMENDATION 1

In Recommendation 1, Judge Wang recommended that the Court exclude any expert opinions from Mr. Auger and Ms. Walters. (ECF No. 141 at 10.) Noting that Dr.

7

Tetrault, Dr. Basavanthappa, and Dr. Blom have all been designated as expert witnesses by Defendants, Judge Wang recommended that the Court: (1) exclude any opinions from these experts witnesses that are outside the opinions offered by Defendants; (2) but permit these medical providers to testify regarding their respective percipient knowledge. (*Id.* at 10–11.)

Recommendation 1 advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (*Id.* at 12 n.5.) Despite this advisement, the Court has not received any objections to Recommendation 1.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Accordingly, the Court adopts Recommendation 1 in its entirety and grants Defendants' Motion to Exclude as set forth herein.

## IV.  RECOMMENDATION 2[2]

In Recommendation 2, Judge Wang recommends that the Court grant Defendants' Motion for Summary Judgment for the following reasons: (1) Plaintiff failed

---

[2] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

to exhaust his administrative remedies (ECF No. 152 at 13–18); (2) Plaintiff did not respond to Defendants' contention that there is no private right of action for constitutional claims under the Colorado Constitution and has therefore confessed the argument (*id.* at 19–20); and (3) Defendants are entitled to qualified immunity on Plaintiff's claims (*id.* at 20–24).

Because a determination regarding Plaintiff's purported failure to exhaust his administrative remedies is dispositive of all remaining claims in this action, the Court need only analyze Plaintiff's Objection regarding this topic.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim [or any other federal claim] under [the] PLRA for failure to exhaust his administrative remedies," and the "doctrine of substantial compliance does not apply." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (citation and internal quotation marks omitted). Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal citations omitted).

However, the PLRA makes explicit that a prisoner must exhaust only *available* administrative remedies. 42 U.S.C. § 1997e(a). An available remedy is one "capable of use for the accomplishment of a purpose." *Booth v. Churner*, 532 U.S. 731, 737 (2001).

For purposes of PLRA exhaustion, an administrative remedy is unavailable "when a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation," *Tuckel v. Grover*, 660 F.3d 1249, 1252–53 (10th Cir. 2011), or "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy," *Little*, 607 F.3d at 1250.

Once a defendant demonstrates the plaintiff did not exhaust his administrative remedies, the onus is on the plaintiff "to show that remedies were unavailable to him." *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (internal quotation marks omitted); *see also Williams v. Borrego*, 2020 WL 1502296, at *7 (D. Colo. Mar. 30, 2020) (noting that inmates face a "high bar to show unavailability").

**B.     Analysis**

In their Motion for Summary Judgment, Defendants argue that Plaintiff failed to exhaust his administrative remedies because: (1) "he did not submit any grievances regarding the May 14, 2019 incident" and (2) despite Plaintiff's submission of three medical kites following the May 14, 2019 incident, none of those medical kites were filed within the five-day deadline for submitting a grievance.  (ECF No. 116 at 7.)

In Recommendation 2, Judge Wang reviewed the evidence cited in support of the Motion for Summary Judgment and concluded that "[t]he record before the court is consistent with Defendants' representations—that is, there is no evidence that [Plaintiff] submitted a grievance or kite regarding the May 14, 2019 incident within five days of the incident."  (ECF No. 152 at 17.)  She therefore found "that Defendants have carried their burden in establishing that there are no genuine issues of material fact that [Plaintiff] did not exhaust his administrative remedies" and turned to the question regarding whether Plaintiff had provided evidence suggesting that "remedies were unavailable to him."

10

*Segovia*, 929 F.3d at 1234 (internal quotation marks omitted). Judge Wang noted that although Plaintiff asserted that administrative remedies were unavailable to him because he was relocated to a higher custody level[3], (1) Plaintiff had failed to explain why any such relocation prevented him from accessing the Inmate Request System to file a grievance or medical kite on or before May 19, 2019, particularly when he was able to file unrelated kites during the same time frame; (2) Plaintiff's assertion that he had reported his injuries to some of the JCDF staff and submitted a complaint to the Jefferson County District Court does not comport with the administrative process outlined in the JCDF Inmate Handbook; and (3) Plaintiff was relying on unverified allegations that were insufficient to defeat a motion for summary judgment. (ECF No. 152 at 17–18.) Accordingly, because the exhaustion requirement is mandatory, Judge Wang recommended that the Court grant summary judgment in favor of Defendants on Plaintiff's remaining claims. (*Id.* at 18.)

In his Objection, Plaintiff argues the following with respect to his exhaustion of administrative remedies:

> This is a genuine fact that needs to be disputed and in a jury trial. The fact is the plaintiff had no access to exhaust the grievance process once moved to the 23 hour a day lock

---

[3] In his response to the Motion for Summary Judgment, Plaintiff argued that administrative remedies at the JCDF were unavailable:

> Plaintiff was relocated to higher custody level limiting Plaintiff access to the kiosk, Furthermore [*sic*]Plaintiff requested medical attention via officer Dep. Hensley. Plaintiff filed a complaint informing Jefferson County District Court of the assault and insuing [*sic*] injuries and requested court take corrective action on his behalf. Plaintiff spoke with BHU Therapist Mr. Morgan Auger about assault and injuries and also not having access to kiosk. Therapist Morgan Auger was able to speak to medical and gain Plaintiff access to kiosk to file medical kite.

(ECF No. 128 at 1.)

> down in the medium security custody unit. The first 8 days in the unit plaintiff was denied access to the only kiosk to file a grievance. The defendant's [*sic*] reference to a kite written by the plaintiff while in the medium security unit was actually written in the BHU unit in which said response was delayed due to the kiosk system down for days in which said response showed up days latter [*sic*] from which the kite was written to the medium custody unit.

(ECF No. 154 at 7.)

Defendants respond that Plaintiff raised this argument for the first time in his Objection to Recommendation 2 argued that Plaintiff failed to provide any admissible evidence in the record to support that contention. (ECF No. 157 at 1–2, 6–7.) The Court agrees.

Pursuant to the terms of the JCDF Inmate Handbook, any inmate who wishes to file a grievance must do so within five calendar days of the incident being grieved. (ECF No. 116 at 4; ECF No. 116-4 at ¶ 8; ECF No. 116-6 at 3.) Because the incident underlying the lawsuit occurred on May 14, 2019, Plaintiff was required to submit a medical kite or grievance by May 19, 2019. The Court concludes that Plaintiff's unsworn assertion that his kite was sent prior to the May 14, 2019 incident is insufficient to establish a genuine dispute of material fact regarding whether administrative remedies were unavailable to him for four reasons. *Segovia*, 929 F.3d at 1234.

First, Plaintiff has waived the argument that his May 18, 2019 kite was submitted *prior* to May 18, 2019 because he raises the argument for the first time in his Objection. *See Standing Akimbo, LLC v. U.S. through Internal Rev. Serv.*, 955 F.3d 1146, 1159 (10th Cir. 2020) (recognizing that a party has waived an argument by not raising it until objecting to a magistrate judge's recommendation); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate

12

judge's recommendation are deemed waived.").

Second, the Court notes that Plaintiff has been on notice of the importance of his May 18, 2019 kite since Defendants filed their opening brief in support of the Motion for Summary Judgment. (*See* ECF No. 116 at 8 (arguing that "the evidence demonstrates that Lopez did submit kites during the timeframe he [claims he was prevented from accessing the kiosk], including one submitted on May 18, 2019—within five days of the May 14, 2019 incident.").) If Plaintiff had in fact sent the May 18, 2019 kite prior to May 14, 2019, it strains credulity that he would not have argued this in his response to the Motion for Summary Judgment. He did not do so, which casts substantial doubt on the veracity of his unsworn assertion. (*See generally* ECF No. 128.)

Third, in the portion of Recommendation 2 addressing Plaintiff's failure to exhaust his administrative remedies, Judge Wang explicitly noted that "Mr. Lopez cannot simply rely upon unverified allegations; instead, he 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" (ECF No. 152 at 18 (quoting *Anderson*, 477 U.S. at 257).) Despite the fact that Plaintiff was squarely placed on notice of the need to present affirmative evidence to withstand summary judgment, Plaintiff notably failed to present the Court with any *evidence* supporting his assertion that he submitted his May 18, 2019 kite prior to May 14, 2019. *See Williams*, 2020 WL 1502296, at *5 (recognizing that "[u]nsworn declarations or affidavits that do not comply with § 1746 do not raise factual issues precluding summary judgment").

Finally, the Court notes that even if Plaintiff's May 18, 2019 kite was sent prior to May 14, 2019, this still would not constitute evidence that Plaintiff's relocation prevented

13

him from accessing the Inmate Request System to file a grievance or medical kite within the timeline set by the JCDF Inmate Handbook.

The Court therefore concludes that Plaintiff has failed to set forth any evidence demonstrating that "remedies were unavailable to him," such that he should be excused from the requirement that he exhaust his administrative remedies. *Segovia*, 929 F.3d at 1234. Because Plaintiff has failed to exhaust his administrative remedies, the Court overrules Plaintiff's Objection, adopts Recommendation 2, and grants Defendants' Motion for Summary Judgment as to all remaining claims.

## V. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1) Plaintiff's Response to the Recommendation of United States Magistrate Judge Regarding Defendant's [*sic*] Request for Summary Judgment (ECF No. 154) is OVERRULED;

(2) The Magistrate Judge's February 4, 2022 Recommendation (ECF No. 141) is ADOPTED in its entirety;

(3) The Magistrate Judge's February 17, 2022 Recommendation (ECF No. 152) is ADOPTED in its entirety;

(4) Defendants' Motion to Exclude or Limit Opinions of Plaintiff's Affirmative Experts (ECF No. 115) is GRANTED;

(5) Defendants' Motion for Summary Judgment (ECF No. 116) is GRANTED;

(6) All other pending motions are DENIED AS MOOT;

(7) The Clerk shall enter judgment in favor of Defendants and against Plaintiff and shall terminate this case; and

(8)   All parties will bear their own court costs.

Dated this 13th day of May, 2022.

BY THE COURT:

_____
William J. Martínez
United States District Judge

15